**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-07-1122-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Clifford Lee Olson, | ) | |
| Defendant. | ) | |

There has been no response to the Court's March 25, 2008 OSC from Defendant or his counsel.

Title 18 U.S.C. § 3006A permits a court to order reimbursement of attorney's fees upon a finding that "funds are available" "from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f); *United States v. Seminole*, 882 F.2d 441 (9th Cir. 1989). Title 18 U.S.C. § 3006A(c) provides in part:

> If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.

Title 18 U.S.C. § 3006A(c). While there is disagreement among the circuits on this issue, the Ninth Circuit does not permit repayment of attorney's fees as a condition either of probation or of supervised release. *United States v. Eyler*, 67 F.3d 1386, 1393 (9th Cir. 1995) (A condition that a defendant reimburse CJA expenditures does not meet the statutory criteria

1  set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)); *United States v. Lorenzini*, 71
2  F.3d 1489, 1493 (9th Cir.1995) (applying *Eyler* to probation conditions and noting, "We
3  held in *Eyler* that payment of court-appointed attorney's fees is not reasonably related to any
4  of those three provisions [§ 3553(a)(2)(B), (C), and (D) ].").

5        Although the Defendant had the financial ability to reimburse the Government
6  for court-appointed counsel at the time of his February 13, 2008 sentencing, too much time
7  has elapsed for the Court to conclude now that Defendant has the *present* ability to reimburse
8  the Government for court-appointed counsel.  No order will be entered requiring Defendant
9  to reimburse the Government for his court-appointed counsel in the above-captioned matter
10 incurred prior to his sentencing. Moreover, the Court elects not to hold an evidentiary
11 hearing on this issue in light of the fine Defendant was ordered to pay.

12       DATED this 11th day of April, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge

- 2 -